## Lieb et ux. v. Grobstein et ux.

*Pleading and practice—Judgments—Mortgages—Payment of money into court—Satisfaction of record.*

1. Under the various acts of assembly, payment of money into court is the proper procedure where there are two claimants to the same sum arising from a mortgage, and where attachments on judgments had been issued against two parties, but the mortgagee refused to accept any sum less than the amount of the mortgage.

2. Upon payment of the money into court, the mortgagee, under such circumstances, will be decreed to enter satisfaction on the record,.

Petition for leave to pay the amount of a mortgage into court. C. P. Allegheny Co., April T., 1925, No. 172.

Before Shafer, P. J., and Reid, J.

*James E. Hindman,* for petitioner.

SHAFER, P. J.—From the petition, to which no answer was filed, it appears that the plaintiffs are mortgagors in a mortgage made to the defendants, Louis Grobstein and wife, on property in Allegheny County for the sum of $4000, which mortgage is due and which the mortgagors are willing and anxious to pay; that two execution attachments were issued in the County Court of Allegheny County, one at the suit of Patrick H. Murphy and the other at the suit of Leona Murphy, on judgments against Louis Grobstein, one of the defendants, upon which attachments interrogatories were filed and upon answer to which judgments were entered in the County Court for Patrick H. Murphy in the sum of $301.30, with costs, and for Leona Murphy in the sum of $326.40, with costs, against the petitioners, the mortgagees. The petition further shows that petitions have been presented in the County Court to have these judgments opened and permit the petitioners to make true and correct answers to the interrogatories, which will show that the mortgage in question is held by husband and wife by entireties, and that afterwards in January, 1925, counsel for the mortgagees sent a letter to counsel for the petitioners demanding payment of the whole of the mortgage, notwithstanding the existence of these judgments in the County Court, and that the petitioners have proposed to pay into court enough to liquidate the judgments of the two Murphys and to pay the balance to the defendants, and that this proposition has been refused, and that the two Murphys insist upon the validity of their judgments; that petitioners pray to be permitted to pay into court the amount of the mortgage or to pay into court so much as is necessary to cover these judgments and the balance to the defendants and have satisfaction of the mortgage.

We are clearly of opinion that this is a case provided for by the acts allowing the amounts of mortgages to be paid into court, as there are two claimants to the same sum. An order for the payment of the whole of the money into court seems to us to be the only remedy where the mortgagee refuses to receive a part, and such an order will be made. It seems to us, however, that the practical solution of the matter for the parties is for the mortgagees to receive directly from the petitioners all of the money in question, except the amount of these judgments, and to have only that amount paid into court to await the determination of the validity of the execution attachments in question.

And now, March 11, 1925, the rule herein is made absolute and it is ordered that the petitioners, Frederick G. Lieb and Charlotte K. Lieb, mortgagees in the mortgage described in the petition, have leave to pay into court the sum

of $4000, with interest from May 8, 1924, and it is further ordered and decreed that satisfaction shall be entered upon the record of said mortgage in Mortgage Book, Vol. 1926, page 48.

From William J. Aiken, Pittsburgh, Pa.